E-FILED
Thursday, 10 February, 2005  02:18:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, NORTH CENTRAL ILLINOIS LABORERS' HEALTH AND WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, LABORERS' WORKING DUES, LABORERS'–EMPLOYERS' COOPERATION EDUCATION TRUST, and MIDWEST REGION ORGANIZING COMMITTEE, <br><br> Plaintiffs, <br> vs. <br><br> RIVER CITY SEALCOATING & ASPHALT PAVING, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### COUNT I
### (PAYROLL AUDIT)

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, RIVER CITY SEALCOATING & ASPHALT PAVING, INC., and allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2. The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, are employee benefit funds administered pursuant to the terms and provisions of Declarations of Trusts creating said funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act

1

of 1974 (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of the Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267. The Central Laborers' Pension, Welfare and Annuity Funds are the collection agents for the other named Plaintiffs.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Laborers' International Union of North America, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to a Participation Agreement by and between Defendant and Plaintiffs. Said Participation Agreement is attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's address is Neponset, Illinois 61345.

5. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Declarations of Trust. Plaintiffs' Agreements and Declarations of Trust, in pertinent part, are attached hereto and made a part hereof as **Exhibits B, C, D and E**.

6. Pursuant to the Trust Agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant to determine whether it is making full payment as required under such Agreements.

7. That Plaintiffs have made demands upon the Defendant to permit an audit for the period from August 1, 2002, through current, but Defendant has refused to satisfy said demand. A copy of said demand is attached hereto and made a part hereof as **Exhibit F**.

8. That pursuant to ERISA, 29 U.S.C. Section 1132(g)(2), and the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorney fees in the amount of $929.00. Attached hereto and incorporated herein as **Exhibit G** is the Affidavit of James P. Moody in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A. That an account be taken by the Plaintiffs for the period from August 1, 2002 to current, as to wages received and hours worked by Defendant's employees to determine amounts required to be paid by the Defendant to the Plaintiffs;

B. That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time judgment is entered;

C. That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;

D. That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs;

E. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $929.00 as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective Agreements and Declaration of Trusts of the Plaintiffs;

F. That Plaintiffs be awarded such other and further relief as the Court deems just and

equitable, all at Defendant's cost.

## COUNT II
## (LIQUIDATED DAMAGES)

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, RIVER CITY SEALCOATING & ASPHALT PAVING, INC., and allege as follows:

10.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 9 of this Complaint against Defendant as if fully restated herein.

11.     Defendant remitted contribution reporting forms without full payment. Plaintiffs have determined the known liquidated damages owed by Defendant to Plaintiffs is $44.55. A breakdown of such delinquencies are attached hereto and made a part hereof as Plaintiffs' **Exhibit H**.

WHEREFORE, Plaintiffs pray as follows:

A.     That Judgment be entered in favor of the Plaintiffs and against the Defendants for delinquent contributions in the amount of $44.55, and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered;

B.     That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiffs;

C.     That Defendant be decreed to pay Plaintiffs its reasonable attorney fees and costs in the amount of $929.00, as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective Agreements and Declarations of Trust;

D.     That Defendant be decreed to pay all costs attendant to these proceedings; and

E.  That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By:     s/ James P. Moody
JAMES P. MOODY
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone (217) 544-1771
Fax (217) 544-9894
jim@cavanagh-ohara.com

F:\files\CENTRAL\River City Sealcoating & Asphalt Paving\Complaint.AUD.LD.wpd