# RESTATED AGREEMENT

# AND

# DECLARATION OF TRUST

# OF THE

# CENTRAL LABORERS'

# PENSION FUND

EXHIBIT
B

      selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

  (b)    The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

  (c)    The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

  (d)    The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

  (e)    Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

## ARTICLE VI

## CONTRIBUTIONS TO THE FUND

**Section 1. BASIS OF CONTRIBUTIONS TO PLAN.** In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2. EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

Section 4. BOND OR DEPOSIT. The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

Section 5. MODE OF PAYMENT. All contributions shall be due and payable on the

21

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

Section 11. REFUND OF CONTRIBUTION. Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

## ARTICLE VII

## PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

Section 2. RECIPIENT OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

Section 4. BASIS OF PROVIDING BENEFITS. Benefits shall be provided and